**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Sciens Group Alternative Strategies PCC Limited, *et al.*,[1]<br><br>        Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-90706 (CML)<br><br>(Joint Administration Requested) |

**DECLARATION OF ANDREW RICHARD VICTOR MORRISON IN SUPPORT**
**OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF**
**FOREIGN INSOLVENCY PROCEEDINGS AND FIRST DAY PLEADINGS**

I, Andrew Richard Victor Morrison (the "Declarant," and together with David Martin Griffin, the "Petitioners" or the "Foreign Representatives"), pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury in compliance with the laws of the United States of America as follows:

1. I am over the age of eighteen and, if called upon, could testify competently to all matters set forth in this statement, except for those portions specified as being otherwise.

2. I am one of two appointed joint voluntary liquidators (the "Liquidators") of (i) Sciens Group Alternative Strategies PCC Limited ("SGAS"), (ii) SAM Trading Holdings PCC Limited ("SAM Trading"), and (iii) SAM Diversified Holdings PCC Limited ("SAM Diversified", and together with SGAS and SAM Trading the "Guernsey Funds" or the "Debtors" and each a "Guernsey Fund" or "Debtor"), and, as set forth below, I am the duly-appointed foreign representative of the Debtors for the purposes of these chapter 15 cases (the "Chapter 15 Cases"),

---

[1] The Debtors in these chapter 15 cases (these "Chapter 15 Cases") and their Guernsey registration numbers are: (i) Sciens Group Alternative Strategies PCC Limited (CMP38959); (ii) SAM Trading Holdings PCC Limited (CMP35564); and (iii) SAM Diversified Holdings PCC Limited (CMP32204).  The Debtors' address for service of process is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.

which are filed by the Guernsey Funds for purposes of seeking recognition of their Guernsey voluntary liquidation proceedings (the "Guernsey Proceedings") pursuant to sections 391 to 405 of Part XXII of the Companies (Guernsey) Law 2008 (the "Guernsey Companies Law"), of the laws of the Bailiwick of Guernsey ("Guernsey").

3.      I submit this declaration (the "Declaration") in support of (i) the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, 1520, and 1521* (the "Verified Petition" and, together with the Official Form Petitions filed contemporaneously herewith, the "Petitions"); [2] (ii) the *Emergency Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 for Entry of an Order (i) Scheduling Recognition Hearing, and (ii) Specifying Form and Manner of Service of Notice* (the "Notice Procedures Motion"); and (iii) the *Emergency Motion for an Order Directing the Joint Administration of the Chapter 15 Cases of Sciens Group Alternative Strategies PCC Limited and its Debtor Affiliates Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 1015(b)* (the "Joint Administration Motion," and together with the Petitions and the Notice Procedures Motion, the "First Day Pleadings").

4.      I am a Senior Managing Director at FTI Consulting (Cayman) Ltd ("FTI") and a qualified insolvency professional with more than 27 years of experience acting as a liquidator, receiver and restructuring officer on a number of Guernsey, Cayman Islands, Delaware and other offshore funds and companies.  I have been recognized as a foreign representative with respect to a foreign main proceeding in the following cases under chapter 15 of the Bankruptcy Code: *SPI Investment Fund SPC*, Case No. 24-21184 (Bankr. S.D. Fla.) (2024); *Frontera Resources*

---

[2]      All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Verified Petition.

*Caucasus Corp.*, Case No. 19-13418 (Bankr. S.D.N.Y.) (2019); *Pinnacle Global Partners Fund I Ltd.*, Case No. 19-11573 (Bankr. S.D.N.Y.) (2019).

5.      I make this declaration on the basis of documentation I have reviewed, and facts known to me through my work as Liquidator and Foreign Representative of the Debtors.  Where relevant information has been provided to me by others, the information is true to the best of my knowledge and belief.  In preparing this Declaration, I have reviewed the Petitions and have been advised by counsel with respect to relevant provisions of the Guernsey Companies Law and other provisions of Guernsey law, together with chapter 15 of the Bankruptcy Code and other aspects of United States bankruptcy law.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

## BACKGROUND

**A.      General Background and History**

        *i.      Overview*

6.      Each of the Guernsey Funds is an investment fund incorporated under the laws of Guernsey.  Each of the Guernsey Funds maintains its registered office in Guernsey.  The dates of formation of the Guernsey Funds are as follows: (i) for SAM Diversified, March 18, 1997; (ii) for SAM Trading, July 30, 1999; and (iii) for SGAS, November 20, 2001.

7.      Prior to the commencement of the Guernsey Proceedings, the Debtors' primary activity was the acquisition and holding of diversified pools of investments through a network of affiliated investment holding companies and their direct and indirect subsidiaries (collectively, the "Sciens Group").  Through the Guernsey Proceedings, the Guernsey Funds are in the process of liquidating their diversified investments and returning value to their creditors and shareholders.

8.      The Guernsey Proceedings were initiated due to asset realization delays identified by the Guernsey Funds' beneficial investor, the SAC I segregated account of Spectrum Allocation

Ltd ("Spectrum"), a Bermudan investment fund.  As described below, in the face of such delays, Spectrum determined that it was necessary to appoint liquidators over the Guernsey Funds and exercised its rights as member under the Guernsey Companies Law to initiate the Guernsey Funds' voluntary liquidations.

9.      Since their appointments in the Guernsey Proceedings, the Liquidators have sought to diligently assess the Sciens Group's deeply complex corporate structure (which includes dozens of related entities with intertwined investments across various jurisdictions) and to liquidate the Guernsey Funds' investments in the Sciens Group.  Entities within the Sciens Group are typically structured such that their management and control is bifurcated from their beneficial ownership, meaning that upstream investors (like the Guernsey Funds) are reliant on downstream managers for information on their investments and for the liquidation of those assets.  In connection with their efforts, the Liquidators engaged with the Guernsey Funds' former manager Sigma Asset Management (Guernsey) Limited ("Sigma") and related party manager entities in the wider Sciens Group to understand the timeline and prospects of any asset realization.

10.     In the months since their appointment, the Liquidators have faced difficulties obtaining complete and timely information on downstream asset realizations.  For example, despite assurances from managers within the Sciens Group that certain downstream asset realizations would take place by the end of 2025 (such that distributions from the broader Sciens Group would flow up to the Debtors and be available to be returned to their creditors and shareholders), no such distributions were made until several months into 2026 (for reasons that remain unexplained).

11.     The Liquidators' ability to perform their duty to return value to the creditors and shareholders of the Guernsey Funds has been impaired by the process of engaging with this network of related parties.  As a result, the Liquidators lack sufficient visibility into either the

4

holdings and activities of the Sciens Group or the timing of when the Liquidators can expect to see the proceeds of asset realizations.

12. On information and belief, based on the Liquidators' review to date, the Guernsey Funds are invested in certain affiliated entities within the Sciens Group that have direct or indirect investments or assets located in the United States. The intention of the Foreign Representatives in seeking recognition of the Guernsey Proceedings is to facilitate the Liquidators' ongoing review of, and potential realization on, such assets believed to be located in the United States and held by affiliates of the Sciens Group.

13. As of the date of the submission of the Verified Petition (the "<u>Petition Date</u>"), the Debtors have no employees. As described in more detail below, Guernsey is the location of the majority of the Guernsey Funds' creditors and most of the Guernsey Funds' bank accounts. Guernsey is also where the Guernsey Funds file taxes and are regulated. Additionally, the law governing the majority of outstanding liabilities of the Guernsey Funds is Guernsey law.

    *ii.    The Guernsey Funds' Corporate Structure*

14. The Guernsey Funds' organizational structure is as follows:



15. The structure of the Guernsey Funds is typical of investment fund entities, with separate classes of management (sponsor) shares and participating (investor or preference) shares.

Although structures may vary, management shares generally do not carry voting rights when preference shares have been issued.   Unlike preference shares, management shares are not redeemable and do not entitle their holders to dividends.

16. As of the Guernsey Liquidation Dates (as defined below) and since August 2021, the majority beneficial investor in each of the Guernsey Funds was Spectrum.

17. SAM Trading, SAM Diversified, and SGAS are each protected cell companies (a corporate form with the ability to segregate assets and liabilities among distinct "cells" within a single corporate entity).

18. The ownership of the shares in each of the Guernsey Funds and their protected cells is as follows:

    a. **SAM Trading** is a protected cell company with two active protected cells: Sciens Global Diversified Fund USD Class ("USD Class") and Sciens Global Diversified Fund USD B Class ("USD B Class").

        i. 100% of the voting participating redeemable preference shares of USD Class and USD B Class (and therefore of SAM Trading) are held by Spectrum.

        ii. 100% of the non-voting management shares of SAM Trading and its protected cells are held by the Guernsey Funds' former manager, Sigma.

    b. **SAM Diversified** is a protected cell company with one active protected cell: The Opportunity Fund ("The Opportunity Fund").

        i. 100% of the voting participating redeemable preference shares of The Opportunity Fund (and therefore of SAM Diversified) are held by Spectrum.

        ii. 100% of the non-voting management shares of SAM Diversified and its protected cell are held by Sigma.

    c. **SGAS** is a protected cell company with one active protected cell: Green Omicron ("Green Omicron").  Prior to the SGAS/SAM Trading Liquidation Date (as defined below), SGAS had a second protected cell: Blue Omega ("Blue Omega").  Blue Omega's assets have since been liquidated and the cell has been closed.

       i.     100% of the voting participating redeemable preference shares of Green Omicron (and therefore of SGAS) are held by Spectrum.

      ii.     100% of the non-voting management shares of SGAS, are held by Sciens Fund of Funds Management Holdings, LLC ("Sciens FOF Holdings"), a New York entity.[3]

    *iii.    The Guernsey Funds' Offices*

19. SGAS, SAM Trading and SAM Diversified each have their registered offices at Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.

20. The Liquidators manage the Guernsey Funds from their offices in the Cayman Islands at c/o FTI Consulting, Suite 3206, 53 Market Street, Camana Bay, Grand Cayman, KY1-1203, Cayman Islands (the "JVL Offices"). The Liquidators include: (i) myself and (ii) David Martin Griffin, and we are both residents of the Cayman Islands.

21. Notwithstanding the location of the Liquidators and JVL Offices, the Guernsey Funds' economic activities are situated in Guernsey, which is the location of the majority of their creditors, their operating bank accounts, applicable regulators and the Royal Court of Guernsey (the "Guernsey Court") with ultimate oversight of the Guernsey Proceedings.

**B.     The Guernsey Funds' Capital Structure**

    *i.    Assets*

22. As noted above, the Guernsey Funds' primary assets are their diversified investment holdings in various entities within the Sciens Group. On information and belief, based on the Liquidators' ongoing review to date, the Guernsey Funds have investments in certain

---

[3]    Pursuant to the share register provided to the Liquidators, prior to the SGAS/SAM Trading Liquidation Date, 100% of the non-voting management shares of SGAS were held by Sciens Fund of Funds Management Limited. ("SFFM"). However, the Liquidators understand from Sigma that SFFM was dissolved and its successor entity is Sciens FOF Holdings.

entities within the Sciens Group that have direct or indirect investments or assets located in the United States.

23.     The primary non-cash assets of each of the protected cells of SAM Trading and SAM Diversified (and, through such cells, of SAM Trading and SAM Diversified) are their respective investments in SAM Global Diversified Investments Limited and SAM Opportunity Investments Limited, both of which are incorporated in and have their registered offices in Guernsey, and through which SAM Trading and SAM Diversified have indirect investments in the wider Sciens Group.[4]

24.     Other than investments in the Sciens Group, the Debtors' remaining assets include cash amounts held in certain bank accounts, as well as joint interests in a retainer for counsel held in an account in this district (as described further below).

25.     The Guernsey Funds maintain their operating bank accounts in Guernsey, although certain of the Guernsey Funds also maintain limited-purpose bank accounts in the Cayman Islands for payment of liquidation fees.  The Guernsey Funds' bank accounts are as follows:

a.  **SAM Trading** and its two operating cells maintain three bank accounts.  Two of the accounts are held in Guernsey with Butterfield Bank (Channel Islands) Limited ("Butterfield CI").  Historically, those Guernsey accounts have been used to pay operating expenses and distributions to shareholders, and remain the accounts used to pay operating expenses, creditor claims and future liquidation distributions.  The third account is held in the Cayman Islands with Butterfield Bank (Cayman) Limited ("Butterfield Cayman").  The Liquidators opened the Butterfield Cayman account to segregate certain liquidation fees funding extended to SAM Trading pursuant to a funding arrangement approved by the Guernsey Court (described in more detail below).

b.  **SAM Diversified** and its protected cell maintain two bank accounts, one of which is held in Guernsey with Butterfield CI.  Historically, the Guernsey account has been used to pay operational expenses and distributions to

---

[4]     SAM Global Diversified Investments Limited and SAM Opportunity Investments Limited have both commenced voluntary liquidations under the Guernsey Companies Law in substantially similar form to SGAS, SAM Trading, and SAM Diversified.  However, while reserving all rights, SAM Global Diversified Investments Limited and SAM Opportunity Investments Limited are not seeking Chapter 15 recognition at this time.

shareholders, and remains the account used to pay operating expenses, creditor claims and future liquidation distributions. The second account is held in the Cayman Islands with Butterfield Cayman to segregate certain liquidation fees funding extended to SAM Diversified pursuant to a funding arrangement approved by the Guernsey Court (described in more detail below).

c. **SGAS** maintains two bank accounts, one of which is held in Guernsey with Aston CM (Guernsey) Limited ("Aston Guernsey"). The Aston Guernsey account holds the large majority of SGAS's cash assets and is the account used to pay operating expenses, creditor claims and future liquidation distributions. The Liquidators opened the Aston Guernsey account (and SGAS's secondary account in the Cayman Islands at Butterfield Cayman), because SGAS's pre-liquidation sub-administrator could not transfer SGAS's pre-liquidation bank account into the Liquidators' control. The account at Butterfield Cayman is segregated from the Aston Guernsey account and is used for liquidation fees.

ii. *Liabilities[5]*

26.     As of the Guernsey Liquidation Dates, the Guernsey Funds' liabilities consisted of various general unsecured claims and shareholder interests. The majority of the Guernsey Funds' liabilities are governed by Guernsey law. In their dealings prior to the Guernsey Liquidation Dates, the Guernsey Funds identified themselves to prospective investors in their scheme particulars and prospectuses as entities incorporated in Guernsey and subject to potential winding up pursuant to the Guernsey Companies Law.

**C.     Events Precipitating Commencement of the Guernsey Proceedings and Appointments of Liquidators**

i. *Pre-Liquidation Review*

27.     In 2015, before transferring its interests in the Guernsey Funds to Spectrum, the Guernsey Funds' prior beneficial owner initiated redemption requests in respect of its full positions in the Guernsey Funds. Those redemptions were paid over an unusually extended period (and still have not been fully paid).

---

[5]     For the avoidance of doubt, nothing herein constitutes or shall be construed as an admission of any purported liability with respect to any obligation, including financial indebtedness or claims, for which the Debtors reserve all rights and defenses.

28.     Following the transfer of the interests in the Guernsey Funds to Spectrum, Spectrum engaged closely with related party managers within the Sciens Group regarding the status of these unpaid redemptions and related issues relevant to Spectrum's interests in the Guernsey Funds.

29.     Spectrum also engaged FTI to review the limited information available in relation to the Guernsey Funds' investments within the Sciens Group.  That review (together with additional information obtained during a parallel liquidation proceeding of another Sciens Group entity),[6] pointed to further informational gaps and procedural delays in asset realizations.

30.     Given the narrow universe of readily available information regarding the prospects for redemptions to flow from downstream asset realizations within the Sciens Group's complex investment structure, and the difficulties of engaging with the various related party investment managers, Spectrum determined that it was necessary to appoint liquidators over the Guernsey Funds, and subsequently took steps to exercise its rights as member under the Guernsey Companies Law to initiate the voluntary liquidations of the Guernsey Funds.

> ii.     *Appointments of the Liquidators*

31.     **SGAS and SAM Trading:** On May 19, 2025, Spectrum requested that Sigma arrange for the circulation of resolutions to place SGAS and SAM Trading into voluntary liquidation proceedings.  On June 13, 2025, (the "SGAS/SAM Trading Liquidation Date"), Spectrum signed such resolutions (as a member representing not less than 75% of the total voting rights of eligible members of each of SAM Trading and SGAS), thereby commencing the

---

[6]     The Liquidators were also appointed as joint official liquidators in June 2022 in connection with the Cayman Islands liquidation of another fund within the Sciens Group, Sciens Alternative Assets Recovery Fund II ("SAARF II").  Spectrum and SAM Global Diversified Investments Limited, which is wholly-owned by SAM Trading, hold direct interests in SAARF II.

liquidations and appointing the Liquidators to oversee the liquidation proceedings (the respective resolutions, the "SAM Trading Liquidation Resolution" and the "SGAS Liquidation Resolution").[7]

32.     **SAM Diversified:** On July 18, 2025, Spectrum requested that Sigma arrange for the circulation of resolutions to place SAM Diversified into a voluntary liquidation proceeding. On August 13, 2025, (the "SAM Diversified Liquidation Date," and together with the SGAS/SAM Trading Liquidation Date, the "Guernsey Liquidation Dates"), Spectrum signed such resolutions (as a member representing not less than 75% of the total voting rights of eligible members of SAM Diversified), thereby commencing the liquidation and appointing the Liquidators to oversee the liquidation proceedings (such resolutions, the "SAM Diversified Liquidation Resolution").[8]

33.     The Guernsey Liquidation Resolutions conferred upon the Liquidators the sole power to wind down the Guernsey Funds, including all available powers under the Guernsey Companies Law and each Guernsey Fund's respective articles of incorporation.  It is my understanding, based on advice of Guernsey counsel, that such powers include, among others, the authority to transact the business of the Guernsey Funds, review and assess the Guernsey Funds' assets and financial positions, establish and pay creditor claims from the available assets of the Guernsey Funds, realize and liquidate the assets of the Guernsey Funds, bring and defend civil actions on behalf of the Guernsey Funds (which I understand to include representing the Guernsey Funds as foreign representatives in a chapter 15 proceeding in the United States) and take other steps authorized by law as necessary to effectuate the orderly wind down of the Guernsey Funds.

---

[7]     True and correct copies of the SGAS Liquidation Resolution and the SAM Trading Liquidation Resolution are attached to the Verified Petition as **Exhibit B** and **Exhibit C**, respectively.

[8]     A true and correct copy of the SAM Diversified Liquidation Resolution is attached to the Verified Petition as **Exhibit D**.  The SAM Trading Liquidation Resolution, the SGAS Liquidation Resolution and the SAM Diversified Liquidation Resolution are collectively referred to herein as the "Guernsey Liquidation Resolutions."

**D.      The Guernsey Proceedings**

34.      As explained above, the Guernsey Funds commenced liquidation under the Guernsey Proceedings on the Guernsey Liquidation Dates pursuant to the Guernsey Liquidation Resolutions.  Following each Guernsey Liquidation Date, the Liquidators transmitted the relevant Guernsey Liquidation Resolutions to the Guernsey Registrar of Companies (the "Guernsey Registrar"), which recorded the Guernsey Liquidation Resolutions.  The Liquidators have also taken various steps to maximize recoveries, facilitate an orderly liquidation of the Guernsey Funds and to ensure that all stakeholders are treated fairly and with due consideration.

35.      Among other things, the Liquidators have directed Guernsey and United States counsel, provided regular updates to applicable Guernsey regulators as to the Liquidators' progress, negotiated with representatives of the Guernsey Funds' counterparties, reviewed assets and outstanding liabilities, made necessary applications to the Guernsey Court for approval of certain activities, and made distributions to creditors from the available assets of the Guernsey Funds (as appropriate and in compliance with the Guernsey Companies Law).

      *i.      Creditor Meetings and Communications*

36.      During the Guernsey Proceedings, the Liquidators have, from time to time and pursuant to the Guernsey Companies Law, convened meetings of creditors of the Guernsey Funds to provide status reports on the Liquidators' ongoing efforts.  The first meetings of creditors were convened on: (i) for SGAS on July 11, 2025; (ii) for SAM Trading on July 11, 2025; and (iii) for SAM Diversified on September 9, 2025.  In advance of such meetings and pursuant to the Guernsey Companies Law, the Liquidators circulated to known creditors notices describing the appointment of the Liquidators, the rights of creditors in connection with the Guernsey Proceedings and under the Guernsey Companies Law, instructions for participation in creditors meetings and invitations to submit proofs of debt.  Such notices make clear to creditors that the

Guernsey Companies Law governs both the appointments of the Liquidators and the Guernsey Proceedings themselves.

    *ii.    Asset Realization Efforts and Distributions*

37.    As of the Petition Date, the Liquidators have made distributions in connection with the protected cells of SGAS.  As of the SGAS/SAM Trading Liquidation Date, SGAS had two active protected cells: Blue Omega and Green Omicron.

38.    **Blue Omega Distributions:** Prior to its closure, Blue Omega held a portfolio of liquid securities that were realized in June 2025 by the cell's independent trading advisor, Masters Capital Management, LLC.  The Liquidators made initial distributions from the proceeds of Blue Omega on September 23, 2025, and subsequently made a final distribution on October 9, 2025. The Liquidators thereafter closed Blue Omega on November 7, 2025.

39.    **Green Omicron Distributions:** Green Omicron's assets include investments in SGAS ICAV ("SGAS ICAV"), an Irish investment holding company.  After the Liquidators' appointment, the Liquidators became aware that the Sciens Alternative Strategies Fund, an Irish sub-fund of SGAS ICAV, held an investment in a separate Irish sub-fund of SGAS ICAV known as Sciens Steamboat Fund ("Steamboat").  Steamboat's portfolio consisted of listed debt and equity securities.  Following the appointment of the Liquidators over SGAS, that portfolio was liquidated by Sciens Group Risk Services Limited, the alternative investment fund manager for SGAS ICAV, on the instruction of the SGAS ICAV directors.  In connection with such liquidation, Green Omicron received an initial distribution on August 18, 2025.  The Liquidators subsequently made a second distribution to applicable stakeholders on September 16, 2025.  On May 29, 2026, Green Omicron received a further distribution from SGAS ICAV.  The broader liquidation of Green Omicron as part of the Guernsey Proceeding of SGAS remains ongoing.

### iii.    Applications to the Guernsey Court

40.    On September 2, 2025, the Liquidators made an application to the Guernsey Court for approval of a funding agreement between Spectrum and SGAS.  Following oral direction from the Guernsey Court during the hearing, the Liquidators withdrew the application.  The application was withdrawn because cash was available to fund liquidation costs from realizations made during the liquidation (the Court's view was that the realized cash, not borrowed funds, should be utilized for liquidation costs rather than being distributed to shareholders).

41.    Also on September 2, 2025, the Liquidators made an application to the Guernsey Court for approval of funding agreements between Spectrum and each of SAM Diversified and SAM Trading.  The Guernsey Court approved those funding agreements pursuant to orders dated September 15, 2025.

### iv.    Continued Engagements with Sigma and Related Parties

42.    The Liquidators have sought to engage with Sigma, as well as related party manager entities in the wider Sciens Group, to establish the prospects and timelines for realizing assets and progress the wind-downs of the Guernsey Funds.  Notwithstanding the Liquidators' efforts, Sigma and the Sciens Group entities have not provided the Liquidators with adequate visibility over underlying assets within the Sciens Group and how they are being realized.

43.    Sigma has indicated to the Liquidators that management of underlying assets is the responsibility of affiliated companies within the Sciens Group.  Despite representations from the various Sciens Group parties that further asset realizations would take place prior to the end of the 2025 calendar year, none were forthcoming for reasons that remain unexplained (the next distribution was not made to Green Omicron until May 2026).

14

**E.      Connections to the United States**

44.      As of the Petition Date, each of the Guernsey Funds has property in the United States and in this district in the form of joint interests in a retainer for their counsel, Bonds Ellis Eppich Schafer Jones LLP, in the aggregate amount of $60,000 held in a bank account with Bank of America in Houston, Texas.

<u>**RECOGNITION AS A FOREIGN MAIN PROCEEDING**</u>

45.      I believe that the Guernsey Proceedings are "foreign proceedings" as I have been advised that term is defined in Bankruptcy Code section 101(23).  To the best of my knowledge, information and belief, the Guernsey Proceedings are collective administrative proceedings, under a Guernsey law relating to insolvency or adjustment of debt in which the assets and affairs of the Debtors are subject to control or supervision by the Guernsey Court, for the purposes of reorganization or liquidation.

46.      Additionally, I believe that the Guernsey Proceedings are "foreign main proceedings" as I have been advised that term is defined in Bankruptcy Code section 1502(4).  The Debtors have their centers of main interests in Guernsey.  Although the Liquidators are located in the Cayman Islands, each of the Guernsey Funds maintains its registered office in Guernsey.  Each of the Guernsey Funds files its taxes in Guernsey.  The law governing a majority of the liabilities of the Debtors is Guernsey law.  A majority of the Guernsey Funds' creditors are located in Guernsey, and the Guernsey Funds' creditors have been on notice of the Guernsey Proceedings and would expect that the Guernsey Funds' centers of main interest are in Guernsey.  Each of the Guernsey Funds (or their respective protected cells) maintains and operates active bank accounts in Guernsey.  The Guernsey Funds are each subject to registration with the Guernsey Registrar and, as of the Petition Date, are subject to regulation and oversight in Guernsey by the Guernsey

Financial Services Commission.[9]  Guernsey, where the Guernsey Proceedings are pending, is therefore the center of main interests of the Debtors within the meaning ascribed in Bankruptcy Code section 1517.

47.     As foreign representative of the Debtors, I have directed our United States counsel, Cleary Gottlieb Steen & Hamilton LLP, to (i) commence the Chapter 15 Cases for the Debtors; (ii) seek recognition of the Guernsey Proceedings as "foreign main proceedings;" and (iii) seek the relief sought by the First Day Pleadings.  All certified documents, statements, lists, and documents required under chapter 15 of the Bankruptcy Code and the Bankruptcy Rules have been filed contemporaneously herewith.

**NO PENDING U.S. BANKRUPTCY CASES FILED BY THE DEBTORS**

48.     Other than the Verified Petition, the Debtors do not have pending petitions with the Bankruptcy Court for relief under chapter 15 or any other chapter of title 11 of the United States Code.

**NO OTHER PENDING FOREIGN PROCEEDINGS OR
PERSONS AUTHORIZED TO ADMINISTER FOREIGN PROCEEDINGS**

49.     I am not aware of any pending foreign proceedings for any of the Debtors other than the Guernsey Proceedings, nor any persons, other than (i) Andrew Richard Victor Morrison and (ii) David Martin Griffin, authorized to administer any foreign proceedings of the Debtors.

**NO PENDING LITIGATION IN THE UNITED STATES**

50.     I am not aware of any litigation in the United States to which any of the Debtors is a party to any litigation (including in the United States) that either is pending or for which the period for further appeal has not run as of the date of the commencement of the Chapter 15 Cases.

---

[9]     The Liquidators have requested deregistration of the Guernsey Funds' authorizations with the Guernsey Financial Services Commission, which may be granted during the pendency of these Chapter 15 Cases.

**NO PROVISIONAL RELIEF IS SOUGHT UNDER SECTION 1519**

51.     As of the date of the commencement of the Chapter 15 Cases, the Debtors are not seeking provisional relief.

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO BANKRUPTCY RULES 1007(a)(4) and 7007.1**

52.     The following disclosure identifies for the Court any corporation, other than a governmental unit, that holds 10% or more of any class of the Debtors' equity interests:

a.  100% of the voting participating redeemable preference shares of each of SGAS, SAM Trading and SAM Diversified (through their respective protected cells) are held by the SAC I segregated account of Spectrum.

b.  100% of the non-voting management shares of each of SAM Trading and SAM Diversified are held by Sigma.

c.  100% of the non-voting management shares of SGAS, are held by Sciens FOF Holdings.

[*The remainder of this page is intentionally left blank*]

17

53 Market Street, Suite 3206
Camana Bay, Grand Cayman
Cayman Islands, KY1-1203
Dated: July 7, 2026

/s/ *Andrew Richard Victor Morrison*
Andrew Richard Victor Morrison

*Joint Voluntary Liquidator of the*
*Guernsey Funds and Authorized Foreign*
*Representative of the Debtors*