**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>Sciens Group Alternative Strategies PCC Limited, *et al.*,[1]<br><br>        Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-90706 (CML)<br><br>(Joint Administration Requested) |

**DECLARATION OF HELENA LAVIN
IN SUPPORT OF VERIFIED PETITION
UNDER CHAPTER 15 FOR RECOGNITION OF
FOREIGN INSOLVENCY PROCEEDINGS AND FIRST DAY PLEADINGS**

I, Helena Lavin (the "Declarant"), pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury in compliance with the laws of the United States of America as follows:

1.      I am over the age of eighteen and, if called upon, could testify competently to all matters set forth in this statement, except for those portions specified as being otherwise. I am authorized to submit this Declaration on behalf of the Debtors (defined below).

2.      I submit this declaration (the "Declaration") in support of (i) the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, 1520, and 1521* (the "Verified Petition" and, together with the Official Form Petitions filed contemporaneously herewith, the "Petitions");[2] (ii) the *Emergency Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 for Entry*

---

[1]      The Debtors in these chapter 15 cases (these "Chapter 15 Cases") and their Guernsey registration numbers are: (i) Sciens Group Alternative Strategies PCC Limited (CMP38959); (ii) SAM Trading Holdings PCC Limited (CMP35564); and (iii) SAM Diversified Holdings PCC Limited (CMP32204).  The Debtors' address for service of process is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.

[2]      All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Verified Petition.

*of an Order (i) Scheduling Recognition Hearing, and (ii) Specifying Form and Manner of Service of Notice* (the "Notice Procedures Motion"); and (iii) the *Emergency Motion for an Order Directing the Joint Administration of the Chapter 15 Cases of Sciens Group Alternative Strategies PCC Limited and its Debtor Affiliates Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 1015(b)* (the "Joint Administration Motion," and, together with the Petitions and the Notice Procedures Motion, the "First Day Pleadings").

3.      Walkers (Guernsey) LLP ("Walkers") has been retained by Sciens Group Alternative Strategies PCC Limited ("SGAS") and its affiliated debtors (collectively, the "Debtors") in the Chapter 15 Cases as their primary counsel in the Guernsey Proceedings.

4.      I am a partner in Insolvency and Dispute Resolution Group at Walkers.  Walkers is an international law firm that advises on the laws of Bermuda, the British Virgin Islands, the Cayman Islands, Guernsey, Ireland and Jersey.

5.      I was called to the Guernsey Bar as an Advocate of the Royal Court (the "Guernsey Court") in 2022, and I advise on the laws of Guernsey having practiced in Guernsey since 2013.  I have experience advising court-appointed and voluntary liquidators, banks, multinational corporations, and financial services institutions in the liquidation and winding-up of Guernsey companies.

6.      I was admitted as a solicitor of England and Wales in 2008, and I have seventeen years post qualification experience including in all aspects of commercial and insolvency litigation.  I also have considerable experience of appearing in the Guernsey Courts.

7.      This declaration is composed of matters that are statements of legal opinion and/or statements of fact.  Where the matters stated in this declaration are statements of legal opinion, such statements reflect Guernsey law based on my education and years of experience practicing

Guernsey law in Guernsey as a Guernsey Advocate.  Where the matters stated in this declaration are statements of fact they are either: (i) based on my personal knowledge, and are known to me to be true and accurate, or (ii) if not within my personal knowledge, are derived from documents and/or information supplied to me by or on behalf of the Foreign Representatives of the Debtors or their staff, and are true to the best of my knowledge, information and belief.

## THE GUERNSEY FUNDS

**A.     Sciens Group Alternative Strategies PCC Limited**

8.     SGAS is a protected cell company incorporated in Guernsey with company number 38959 whose registered address is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.  SGAS has one active cell: Green Omicron Cell.

9.     SGAS is an open-ended collective investment scheme authorized by the Guernsey Financial Services Commission[3] pursuant to the Protection of Investors (Bailiwick of Guernsey) Law, 2020 (as amended) and the Authorised Collective Investment Schemes (Class B) Rules and Guidance, 2021 (as amended).

10.     As of the Petition Date, Spectrum is the sole voting shareholder and beneficial owner of SGAS.

11.     On June 13, 2025, by way of special resolution, Spectrum, in its capacity as the majority shareholder of SGAS at that time, placed SGAS into voluntary liquidation and appointed Andrew Richard Victor Morrison and David Martin Griffin as Liquidators.  Andrew Richard Victor Morrison and David Martin Griffin are the duly appointed Liquidators and Foreign Representatives of SGAS.

---

[3]     The Liquidators have requested deregistration of SGAS' authorization with the Guernsey Financial Services Commission, which may be granted during the pendency of these Chapter 15 Cases.

**B.      SAM Diversified Holdings PCC Limited**

12.      SAM Diversified Holdings PCC Limited ("SAM Diversified") is a protected cell company incorporated in Guernsey with company number 32204 whose registered address is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.  It has one active cell, The Opportunity Fund.

13.      SAM Diversified is an open-ended collective investment scheme authorized by the Guernsey Financial Services Commission[4] pursuant to the Protection of Investors (Bailiwick of Guernsey) Law, 2020 (as amended) and the Authorised Collective Investment Schemes (Class B) Rules and Guidance, 2021 (as amended).

14.      As of the Petition Date, Spectrum is the sole voting shareholder and beneficial owner of SAM Diversified.  The only other shares in issue are non-voting management shares in the core.

15.      On August 13, 2025, by way of special resolution, Spectrum, in its capacity as the majority shareholder of SAM Diversified, placed SAM Diversified into voluntary liquidation and appointed Andrew Richard Victor Morrison and David Martin Griffin as Liquidators.  Andrew Richard Victor Morrison and David Martin Griffin are the duly appointed Liquidators and Foreign Representatives of SAM Diversified.

**C.      SAM Trading Holdings PCC Limited**

16.      SAM Trading Holdings PCC Limited ("SAM Trading") is a protected cell company incorporated in Guernsey with company number 35564 whose registered address is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.  SAM Trading has two active

---

[4]      The Liquidators have requested deregistration of SAM Diversified's authorization with the Guernsey Financial Services Commission, which may be granted during the pendency of these Chapter 15 Cases.

cells; the Sciens Global Diversified Fund USD Class and the Sciens Global Diversified Fund USD B Class.

17.     SAM Trading is an open-ended, collective investment scheme authorized by the Guernsey Financial Services Commission[5] pursuant to the Protection of Investors (Bailiwick of Guernsey) Law, 2020 (as amended) and the Authorised Collective Investment Schemes (Class B) Rules and Guidance, 2021 (as amended).

18.     As of the Petition Date, Spectrum is the sole voting shareholder and beneficial owner of SAM Trading.  The only other shares in issue are non-voting management shares of the core.

19.     On June 13, 2025, by way of special resolution, Spectrum, in its capacity as the majority shareholder of SAM Trading, placed SAM Trading into voluntary liquidation and appointed Andrew Richard Victor Morrison and David Martin Griffin as Liquidators.  Andrew Richard Victor Morrison and David Martin Griffin are the duly appointed Liquidators and Foreign Representatives of SAM Trading.

**THE GUERNSEY LIQUIDATION PROCESS**

**A.      Commencement of a Guernsey Voluntary Liquidation Under the Guernsey Companies Law**

20.      In Guernsey, the Companies (Guernsey) Law 2008 (as amended) (the "Guernsey Companies Law") provides applicable rules governing the entire lifecycle of a Guernsey company, from formation and registration to reorganisation and winding up.  Multiple sections of the Guernsey Companies Law are tailored specifically to the regulation of procedures for winding down.  Under Sections 391 to 405 of Part XXII of the Guernsey Companies Law the members of

---

[5]      The Liquidators have requested deregistration of SAM Trading's authorization with the Guernsey Financial Services Commission, which may be granted during the pendency of these Chapter 15 Cases.

a solvent or insolvent company can decide that it should be wound up and appoint a liquidator. Sections 406 to 418 of Part XXIII of the Guernsey Companies Law set out the statutory provisions relating to the compulsory winding up of a company.  Sections 419 to 426 of Part XXIV of the Guernsey Companies Law set out the provisions of general application in a winding up (whether voluntary or compulsory).

21.     The liquidator's role is to gather in and realise the company's assets and thereafter to distribute dividends pursuant to a statutory order of priority.

22.     If a company wishes to go into voluntary winding up, it must, by ordinary resolution (in certain circumstances specified under the Guernsey Companies Law) or by special resolution (as in this case) appoint a liquidator to wind up the company's affairs and to realise and distribute its assets.  Where a special resolution is passed, this requires a majority of not less than 75% of voting members.  A special resolution can only be set aside by court intervention.

23.     A voluntary winding up commences upon the passing of the resolution for winding up.  Guernsey Companies Law, Part XXII, Section 393.  In a voluntary winding up, if no liquidator is appointed, upon application of any member or creditor, the Guernsey Court may appoint a liquidator.  Guernsey Companies Law, Part XXII, Section 398.

24.     The company must cease carrying on business from the commencement of the winding up except insofar as it may be expedient for the beneficial winding up of the company, or it will be guilty of an offence.  Guernsey Companies Law, Part XXII, Section 394(1).  Once a liquidator has been appointed, all powers of the company's pre-liquidation directors cease, except to the extent sanctioned by the liquidator or by resolution of the company.  Guernsey Companies Law, Part XXII, Section 395(2).  Any person who subsequently purports to exercise any powers

of a director is guilty of an offence, Guernsey Companies Law, Part XXII, Section 395(3), and could face sanction by the Guernsey Court.

25.     In all other respects, the company's corporate state and powers will continue until the company is officially dissolved.  Guernsey Companies Law, Part XXII, Section 394(2).  Once a voluntary liquidation commences, any shareholder may apply to the Guernsey Court pursuant to Section 402 of the Guernsey Companies Law for directions concerning any aspect of the winding up and upon such application the Guernsey Court may make such order as it thinks fit.

26.     The Guernsey Companies Law does not impose an automatic stay or other statutory moratorium on creditor actions or claims upon a company's entry into voluntary liquidation.

**B.      Powers of the Liquidator and the Guernsey Court in a Voluntary Liquidation**

27.     In a liquidation, a company's creditors and shareholders participate in the common pool of assets on a *pari passu* basis in accordance with their relative rights and priorities. Therefore, subject to any preferential payments, all creditors participate in the common pool of assets in proportion to the size of their admitted claims.  Secured creditors look solely to the value of their collateral for recovery, and assets subject to valid liens held by secured creditors are not available for distribution to general unsecured creditors unless and until applicable secured claims have been satisfied in full.  If a secured creditor's collateral is not sufficient to satisfy its secured claim, such secured creditor participates in the liquidation as a general creditor on a *pari passu* basis with other general creditors to the extent of the deficiency.

28.     The liquidator must realise the company's assets and discharge the company's liabilities and if there is any surplus, distribute such surplus amongst the members according to their respective entitlements pursuant to Section 419 of the Guernsey Companies Law (as provided under Section 397 of the Guernsey Companies Law).  All costs, charges and expenses incurred by

the liquidator in winding up the company will be settled from the company's assets in priority to any other claims.  Guernsey Companies Law, Part XXII, Section 404.  In addition, the liquidator may exercise "all powers which may be given … by the Court," at the Guernsey Court's discretion.  Guernsey Companies Law, Part XXII, Section 397(3).  In practice, the powers of liquidators include the power to:

a.   bring or defend civil actions on behalf of the company;

b.   carry on the business of the company to the extent beneficial for winding up the company;

c.   make capital calls;

d.   sign all receipts and other documents on behalf of the company;

e.   do any other act relating to the winding-up; and

f.   do any court-authorized act.

29.   In my experience it is not uncommon for liquidators to utilise their powers to apply for Chapter 15 recognition.

30.   A voluntary liquidator is not controlled by the Court, however a member of a company can apply to the Court for directions concerning any aspect of the winding-up or for an order that an arrangement between a company and its creditors be set aside.  Guernsey Companies Law, Part XXII, Sections 401, 402.  Further, the Guernsey Court may remove a liquidator from office and appoint a replacement.  Guernsey Companies Law, Part XXII, Section 403.  In addition, a liquidator can apply to the Guernsey Court for directions under Section 426 of the Guernsey Companies Law in relation to any matter arising in relation to the winding up of the company.

31.   If a company has already entered voluntary liquidation, the Guernsey Court can still make an order that the company be compulsorily wound up.  Guernsey Companies Law, Part XXII, Section 405.  This would be done by way of an application under Section 408 of the

Guernsey Companies Law for the compulsory winding up of the company. Such an application may be made by the company, a director, member, creditor or other interested party.

32.     The Guernsey Companies Law contains no provision as to the length of liquidation. However, after one year from the date a voluntary winding-up is initiated, and in each further year, the liquidator must summon a general meeting if the winding-up is not complete. Guernsey Companies Law, Part XXII, Section 399. At the meeting, the liquidator should set out an account of his acts and dealings, and of the conduct of the winding-up during the preceding year.

33.     As soon as the company's affairs are fully wound up, the liquidator shall prepare an account of the winding up and call a general meeting of the company. Guernsey Companies Law, Part XXII, Section 400. Notice of the holding of this general meeting must be provided to the Guernsey Registrar of Companies (the "Guernsey Registrar") who publicises the fact of the same and upon the expiration of 3 months (beginning on the date of notice to the Guernsey Registrar) the company is dissolved.

St. Peter Port, Guernsey
Dated: July 7, 2026

*/s/Helena Lavin*
Helena Lavin
WALKERS (GUERNSEY) LLP
Block B, Helvetia Court, Les Echelons,
St. Peter Port, Guernsey, GY1 1AR