**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 15 |
| Sciens Group Alternative Strategies PCC | ) |
| Limited, *et al.*,[1] | ) Case No. 26-90706 (CML) |
| | ) |
| Debtors in Foreign Proceedings. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |
| | ) |
| | ) |

**<u>EMERGENCY</u> MOTION PURSUANT TO FEDERAL
RULES OF BANKRUPTCY PROCEDURE 2002 AND 9007
FOR ENTRY OF AN ORDER (I) SCHEDULING RECOGNITION
HEARING, AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

---

**Emergency relief has been requested. Relief is requested not later than 3:00 p.m. on July 10, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 15 cases (these "<u>Chapter 15 Cases</u>") and their Guernsey registration numbers are: (i) Sciens Group Alternative Strategies PCC Limited (CMP38959); (ii) SAM Trading Holdings PCC Limited (CMP35564); and (iii) SAM Diversified Holdings PCC Limited (CMP32204). The Debtors' address for service of process is Ground Floor, Dorey Court, Admiral Park, St Peter Port, GY1 2HT, Guernsey.

Andrew Richard Victor Morrison and David Martin Griffin (the "Petitioners" or the "Foreign Representatives"), the joint voluntary liquidators in the voluntary liquidation proceedings (the "Guernsey Proceedings") of Sciens Group Alternative Strategies PCC Limited ("SGAS") and its affiliated debtors in these Chapter 15 Cases (collectively, the "Debtors") pursuant to sections 391 to 405 of Part XXII of the Companies (Guernsey) Law 2008 (the "Guernsey Companies Law"), of the laws of the Bailiwick of Guernsey ("Guernsey"), by and through their undersigned counsel, respectfully submit this motion (this "Motion") seeking an order (a) scheduling a hearing on the relief sought in the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, 1520, and 1521* (the "Verified Petition" and together with the *Official Form Petitions* filed by the Petitioners contemporaneously herewith, the "Petitions"); (b) specifying the form and manner of service thereof; and (c) approving the manner of service of any further pleadings that the Petitioners file in these Chapter 15 Cases.  In support of the Motion, the Petitioners respectfully represent as follows:[2]

## BACKGROUND

1.      The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition.  The Court may find therein a description of the Guernsey Proceedings of the Debtors and their activities, business, corporate and capital structures, and the circumstances leading to the commencement of the Guernsey Proceedings.

---

[2]      In further support of this Motion, the Petitioners rely upon and incorporate by reference: (i) the Verified Petition; (ii) the *Declaration of Andrew Richard Victor Morrison in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Insolvency Proceedings and First Day Pleadings* (the "Foreign Representative Declaration"); and (iii) the *Declaration of Helena Lavin in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Insolvency Proceedings and First Day Pleadings* (the "Guernsey Counsel Declaration"), all of which were filed concurrently herewith.  Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

**JURISDICTION AND VENUE**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1409 and 1410.

4.      These Chapter 15 Cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code, by the filing of petitions for recognition of the Guernsey Proceedings under section 1515 of the Bankruptcy Code.

5.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1012(b), 2002, and 9007 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 1012(b), 2002, 9007 (the "Bankruptcy Rules"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

**RELIEF REQUESTED**

6.      The Petitioners seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) setting **July 31, 2026,** or as soon thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing on the relief sought in the Petitions (the "Recognition Hearing"); (b) setting **4:00 p.m. (prevailing Central Time) on July 24, 2026** as the deadline by which any responses or objections to the Petitions must be received (the "Objection Deadline"); (c) **setting 4:00 p.m. (prevailing Central Time) on July 28, 2026**, as the deadline by which any replies in support of the Petitions must be received (the "Reply

Deadline"); (d) approving the form of notice (the "Notice"), attached hereto as **Exhibit B**, of: (i) the Recognition Hearing Date, (ii) the Objection Deadline, and (iii) the Debtor's intent to rely on foreign law, namely the Guernsey Companies Law and related Guernsey insolvency law; (e) approving the manner of service of the Notice described herein; (f) approving the manner of service consistent with Bankruptcy Rule 2002(q) of any further pleadings that the Petitioners file in these Chapter 15 Cases; and (g) granting related relief.

7.      Specifically, the Petitioners propose to, within three (3) business days of the entry of the Proposed Order, serve the Notice and the Petitions (collectively, the "Notice Documents") by United States mail, first-class postage prepaid (or equivalent service) upon the Notice Parties (as defined below) in accordance with Bankruptcy Rules 2002(k) and 2002(q), Bankruptcy Local Rule 9013-1(d) and the Complex Case Procedures.

8.      Additionally, the Petitioners propose supplementing the notice required by the Bankruptcy Rules by publishing the Notice (but not the Petitions, which are voluminous) in the national edition of the Wall Street Journal and in the Guernsey Press on or before the fifth business day following entry of the Proposed Order (the "Publication Notice").  Such Publication Notice ensures that sufficient notice of the Recognition Hearing is provided to persons who might not otherwise receive it.  Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(*l*).

**BASIS FOR RELIEF**

9.      Bankruptcy Rule 2002(q)(1) provides that the debtor, all persons authorized to administer the foreign proceedings of the debtor, all entities against whom provisional relief is sought, all parties to litigation in the United States to which the debtor is a party and "such other

4

entities as the court may direct" must be given at least twenty-one days' notice of the hearing on the petition for recognition of a foreign proceeding.  Fed. R. Bankr. P. 2002(q)(1).  Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice).  Fed. R. Bankr. P. 2002(m), 9007.  Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least twenty-one days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given.

10.     The Petitioners respectfully submit that their proposed service of the Notice Documents by United States mail, first-class postage prepaid (or equivalent service) constitutes adequate and sufficient notice of these Chapter 15 Cases, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date, and place of the Recognition Hearing.  The Petitioners further submit that the Publication Notice, as contemplated by Fed R. Bank. P. 2002(*l*) will ensure that all potential parties-in-interest receive adequate notice of the commencement of the Chapter 15 Cases and the Recognition Hearing.  Further, service by the Petitioners of all further pleadings that it files in these Chapter 15 Cases on the Notice Parties and otherwise in a manner consistent with the Bankruptcy Local Rules and the Complex Case Procedures is an efficient and effective way to provide notice to such parties.

11.     Accordingly, the Petitioners respectfully request that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(*l*), (m), (q) and 9007.

12.     Bankruptcy Code section 1517(c) provides that a petition for recognition shall be decided "at the earliest possible time."  Moreover, Bankruptcy Rule 1012(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has until seven (7) days before the date set for hearing to respond, unless the court orders otherwise.  *See* Fed. R. Bankr. P. 1012(b).  Finally, Bankruptcy Rule 2002(q)(1) provides that parties are to be given twenty-one (21) days' notice of a hearing on a chapter 15 petition.  *See* Fed. R. Bankr. P. 2002(q)(1).  In light of these requirements, the Petitioners respectfully submit that setting (i) July 31, 2026 (or as soon thereafter as the Court's calendar permits) as the Recognition Hearing Date and (ii) July 24, 2026 at 4:00 pm (prevailing Central Time time) as the Objection Deadline is appropriate.  The Petitioners also respectfully submit that setting July 28, 2026 at 4:00 p.m. (prevailing Central Time)—three days before the hearing date— as the Reply Deadline is appropriate.

13.     Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim.  11 U.S.C. § 1514(c).  Given that section 1514(c) does not appear to apply in these Chapter 15 Cases (as the Debtors have not sought to commence a case under any other chapter of the Bankruptcy Code),[3] the Petitioners respectfully request that the requirements contained therein be waived in this instance.  *See* Order, *In re CB&I UK Ltd., et al.*, Case No. 23-90795 (CML) (Bankr. S.D. Tex., October 10, 2023), ECF

---

[3]     *See* Collier on Bankruptcy ¶ 1514.01 (16th ed. 2018) (section 1514 of the Bankruptcy Code is "[t]he last in the series of sections dealing with the international aspects of cases under chapters ***other than chapter 15*** that began with section 1511") (emphasis added).

No. 45 (waiving the application of section 1514(c)); Order, *In re Just Energy Grp. Inc. et al.*, Case No. 21-30823 (MI) (Bankr. S.D. Tex., March 9, 2021), ECF No. 25 (same).

14.     Because the claims process will be handled through the Guernsey Proceedings, waiving these requirements and allowing foreign claims to be heard in the Guernsey Proceedings is consistent with principles of comity and cooperation among courts, as well as the ancillary nature of these Chapter 15 Cases.

## EMERGENCY CONSIDERATION

15.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Petitioners respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 15 case to the extent that "relief is needed to avoid immediate and irreparable harm."  The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.  Accordingly, the Petitioners submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

16.     Pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d), notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the Debtors' known unsecured creditors on a combined basis, (c) all persons or bodies authorized to administer the Guernsey Proceedings; (d) any party that has filed a notice of appearance in the Chapter 15 Cases, (e) the Internal Revenue Service; (f) the Securities and

Exchange Commission; and (g) any other parties on whom the Court has ordered notice (each of the parties identified in the foregoing clauses (a) through (g), the "Notice Parties").  The Petitioners submit that no other or further notice need be provided in light of the relief requested.

## NO PRIOR REQUEST

17.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Petitioners respectfully request that this Court: (a) enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the relief requested herein; and (b) grant such other and further relief as the Court deems just and proper.

Houston, Texas
July 7, 2026

| | |
|---|---|
| **BONDS ELLIS EPPICH SCHAFER JONES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| /s/ *Joshua N. Eppich* | /s/ *Thomas S. Kessler* |
| Joshua N. Eppich (Texas Bar No. 24050567) | Thomas S. Kessler |
| 420 Throckmorton Street, Suite 1000 | Travis Arbon |
| Fort Worth, Texas 76102 | One Liberty Plaza |
| Telephone: 817-405-6900 | New York, New York 10006 |
| Facsimile: 817-405-6902 | Telephone: 212-225-2000 |
| Email: joshua@bondsellis.com | Facsimile: 212-225-3999 |
| | Email: tkessler@cgsh.com |
| -and- | Email : tarbon@cgsh.com |
| | |
| Ken Green (Texas Bar No. 24036677) | *Co-counsel for the Foreign Representatives of Sciens Group Alternative Strategies PCC Limited and its affiliated debtors* |
| 402 Heights Boulevard | |
| Houston, Texas 77007 | |
| Telephone: 713-335-4990 | *Pro hac vice admission pending* |
| Facsimile: 713-335-4991 | |
| Email: ken.green@bondsellis.com | |
| | |
| *Co-counsel for the Foreign Representatives of Sciens Group Alternative Strategies PCC Limited and its affiliated debtors* | |

9

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Eric T. Haitz*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Eric T. Haitz*